IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | JURY TRIAL DEMAND |
| CENTURION PRODUCTS, INC. Defendant. | ) ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Derrick Dillard and a class of male employees who were adversely affected by such practices. As alleged with greater particularity below, the Commission alleges that Defendant Centurion Products, Inc. subjected Mr. Dillard and a class of male employees to sexual harassment and retaliated against Mr. Dillard for complaining about it. The Commission further alleges that the Defendant has failed to maintain and file EEO-1 reports in violation of the recordkeeping provisions of Section 709 of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) and 42 U.S.C. § 2000e-3(a) ("Title VII"), pursuant to Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 1981a, and pursuant to Section 709(c) of Title VII, 42 U.S.C. 2000e-8 and 29 C.F.R. §§ 1602.7-1602.14.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Centurion Products, Inc. ("Defendant Employer"), has continuously been a Tennessee corporation doing business in the State of Tennessee and the City of Nashville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Mr. Dillard filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On March 8, 2016, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission as Defendant refused to engage in conciliation with the Commission.

10. On April 6, 2016, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

12. Since at least March 2014, Defendant Employer has engaged in unlawful employment practices at its Nashville, Tennessee manufacturing plant, in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2(a).

13. The unlawful employment practices involved subjecting Mr. Dillard to unwelcome sexual harassment because of his sex, male.

    a. In March 2014, Mr. Dillard began working at Defendant Employer's corners plant at 50 Van Buren Street on assignment from his placement agency, Industrial Staffing of Tennessee.

    b. Defendant hired Mr. Dillard as a full-time runner on or about October 29, 2014.

    c. At all times relevant to the allegations herein, all of the employees in the corner plant were male.

d. Pablo Mauricio Miranda ("Miranda") was Mr. Dillard's direct supervisor and was the direct supervisor of approximately 40 other men in the department.

e. On a near-daily basis, Mr. Dillard observed Miranda inappropriately touching other male employees on a near-daily basis.

f. Miranda's conduct included unwelcome grabbing, attempted anal penetration of male employees' buttocks with a broomstick, humping the victim, and kissing.

g. Defendant Employer maintained a culture that permitted sexual innuendos and insults and inappropriate touching.

h. On March 10, 2015, Miranda grabbed Mr. Dillard's hand and pulled it toward his (Miranda's) penis. Mr. Dillard pulled his hand away, returned to his workstation and completed his shift.

i. The unwelcome touching, along with the cumulative effect of the conduct that Mr. Dillard witnessed on a near-daily basis, created a sexually hostile work environment sufficiently severe or pervasive to alter the terms and conditions of Mr. Dillard's employment.

j. On the morning of March 11, 2015, Mr. Dillard complained about the incident to Supervisor/translator Joe Chavez ("Chavez") and Plant Manager Rafael Bougrat ("Bougrat"), but refused to identify Miranda as the harasser.

k. Defendant Employer knew or should have known that Miranda was engaging in unlawful conduct due to a number of previous complaints

about his conduct made by other plant employees, including, specifically, Danny Hall, Napoleon Person, and Chris Terrell.

l. Defendant Employer failed to take prompt and appropriate remedial measures to protect Mr. Dillard from sexual harassment.

m. Immediately after Mr. Dillard complained about the sexual harassment, Bougrat refused to allow Mr. Dillard to return to work because he would not identify the harassing party.

n. Mr. Dillard reported to work on the morning of March 12 and was immediately told to report to Bougrat. Bougrat again refused to allow Mr. Dillard to return to work because he would not identify the harassing party. Chavez escorted Mr. Dillard out of the building, and Mr. Dillard was unable to return to his employment.

o. Defendant Employer discharged Mr. Dillard effective March 10, 2015.

p. Defendant Employer's discharge of Mr. Dillard's employment was a direct result of his complaint of sexual harassment.

14. The effect of the practices complained of in paragraph 13 has been to deprive Mr. Dillard of equal employment opportunities and to otherwise adversely affect his employment because of his sex, male.

15. Defendant Employer discharged Mr. Dillard from his employment in retaliation for his opposition to the hostile work environment and sexual harassment.

a. On March 11, 2015, Mr. Dillard told Bougrat and Chavez that an employee had grabbed his hand and tried to pull it toward his (the

5

anonymous employee's) penis. Bougrat demanded that Mr. Dillard identify the harasser or Defendant Employer would terminate him.

b. Mr. Dillard refused to identify Miranda as his harasser because he knew other co-workers had complained and the Defendant Employer took no corrective action, creating a chilling effect.

c. When Mr. Dillard refused to identify the harasser, he was told to leave the premises.

d. On March 12, 2015, Mr. Dillard reported to work and was called immediately to Bougrat's office. Bougrat again demanded that Mr. Dillard identify the harasser. Mr. Dillard refused, and he was escorted off the premises.

e. Mr. Dillard was not allowed to return to work. Defendant Employer's records reflect that his date of termination was March 10, 2015.

f. Defendant Employer's termination of Mr. Dillard employment constitutes unlawful retaliation in violation of Title VII.

16. The Defendant Employer's unlawful employment practices also involved subjecting other male employees as a class to unwelcome sexual harassment because of their sex, male.

a. On a near-daily basis, Supervisor Miranda made sexually-charged insults and vulgar remarks to other male employees, including, for example, the Spanish terms, "maricón" and "chupa mi verga."

b. Miranda "groped and grinded" on male employees on a near-daily basis.

  c. Miranda's conduct included unwelcome grabbing, attempted anal penetration of male employees' buttocks with a broomstick, humping the victim, and kissing.

  d. Other male employees, specifically Danny Hall, Napoleon Person and Chris Terrell, complained to Bougrat about the hostile work environment and specifically Miranda's conduct, in or around September 2014.

  e. In 2014, Rashid Annoor complained to his supervisor, a "Mr. Leo," and to Bougrat about continuous inappropriate touching by Annoor's co-worker, known as "Ladimas."

  f. In 2014, Tyrone Foxx complained to Bougrat of inappropriate touching by "Mr. Leo."

  g. Defendant Employer maintained a culture that permitted sexual innuendos and insults and inappropriate touching.

  h. The sexually-charged insults and innuendos, along with the unwelcome touching, created a sexually hostile work environment that was sufficiently severe or pervasive to alter the terms and conditions of the other males' employment.

17. The effect of the practices complained of in paragraph 16 has been to deprive the male employees of equal employment opportunities and to otherwise adversely affect their employment because of their sex, male.

18. Defendant Employer at all relevant times did not maintain a sexual harassment policy or provide its employees or managers with sexual harassment prevention training.

19. Defendant Employer failed to take prompt and appropriate remedial measures to protect Mr. Dillard and the other male employees from sexual harassment.

20. For each calendar year since at least 2015 to the present, Defendant Employer has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and regulations issued thereunder, 29 C.F.R. § 1602.7-1602.14, to prepare, execute, and file an accurate and complete Employer Information Report EEO-1 ("EEO-1 report").

    a. Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), authorizes the EEOC to require employers to make records, preserve records, and report to the EEOC concerning records "relevant to the determinations of whether unlawful practices have been or are being committed."

    b. By regulations codified at 29 C.F.R. §§ 1602.7-1602.14, the EEOC requires all employers with more than one hundred employees to file an annual EEO-1 report with the Commission or its delegate.

    c. The regulations also require employers to retain and make available such reports when requested by the Commission during its investigation of charges.

    d. During the investigation of Mr. Dillard's charge of discrimination, the Commission requested EEO-1 reports from Defendant Employer.

    e. Defendant Employer failed to produce any EEO-1 reports.

    f. Defendant Employer has failed to file such EEO-1 reports as required by law.

21. The unlawful employment practices complained of in paragraphs 13, 15, 16 and 20 were intentional.

22. The unlawful employment practices complained of in paragraphs 13, 15, 16 and 20 were done with malice or with reckless indifference to the federally protected rights of Mr. Dillard and a class of male employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in harassment and any other employment practice which discriminates on the basis of sex, male.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for male employees which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Mr. Dillard and a class of male employees whom Defendant Employer subjected to sexual harassment, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 through 16 above, including interest, in amounts to be determined at trial.

D. Order Defendant Employer to make whole Mr. Dillard and a class of male employees whom Defendant Employer subjected to sexual harassment, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices

complained of in paragraphs 13 through 16 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant Employer to pay Mr. Dillard and a class of male employees who were subjected to sexual harassment, punitive damages for its malicious and reckless conduct, as described in paragraphs 13 through 16 and paragraph 19 above in amounts to be determined at trial.

F. Order Defendant Employer to prepare, file and retain Employer Information Report EEO-1 in accordance with Section 709(c) of Title VII, 42 U.S.C. 2000e-8 and 29 C.F.R. §§ 1602.7-1602.14.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    s/ Faye A. Williams
    FAYE A. WILLIAMS
    Regional Attorney
    Tennessee Bar No. 011730

    s/ Gerald L. Thornton
    GERALD L. THORNTON
    Supervisory Trial Attorney
    Tennessee Bar No. 015898

10

Case 3:16-cv-02616   Document 1   Filed 09/30/16   Page 10 of 11 PageID #: 10

<u>s/ Steven W. Barnat</u>
STEVEN W. BARNAT
Trial Attorney
Tennessee Bar. No. 028047

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Memphis District Office
1407 Union Avenue, Ste. 900
Memphis, TN  38104
Telephone:     (901) 544-0099
steven.barnat@eeoc.gov